### JOHN H. YOST v. WILLIAM SCHLEICHER ET AL.

FILED SEPTEMBER ₁8, 1901.   No. 10,031.

Commissioner's opinion, Department No. 2.

**Property in Custodia Legis Can Not Be Replevied.** When personal property has been taken by a constable under a writ of replevin, and he is proceeding according to law, and has not yet delivered the property to the plaintiff, nor returned it to the defendant, another action of replevin against the constable to recover possession of the property can not be maintained.

ERROR from the district court for Clay county. Tried below before HASTINGS, J. *Affirmed.*

*Thomas H. Matters,* for plaintiff in error.

*M. C. King* and *E. M. Coffin, contra.*

SEDGWICK, C.

This is an action of replevin tried in the district court of Clay county on appeal from a justice of the peace. The defendant, Schleicher, is a constable, and as such, on the 5th day of February, 1897, took possession of the property involved in this suit upon a writ of replevin in an action before a justice of the peace, in which his co-defendants, Bender & Zimbleman, were plaintiffs and one Philip Yost was defendant. On the following day this action was begun and the property taken from the defendant, Schleicher, under the writ in this cause. It was tried in the district court with a jury and when the taking of the evidence was completed the court instructed the jury to find a verdict for the defendants upon the ground, as stated in the instruction, that "where property is once replevied and taken from the possession of a defendant in that suit no

further replevin of the same property is permissible until that suit is decided."

1. The plaintiff in his brief suggests that "the property in controversy was taken by William Schleicher, one of the defendants in this suit, who was a constable, and as such officer he obtained an undertaking required by law and delivered the property taken under his writ to Bender & Zimbleman." But the constable testified that he had possession of the property under his prior writ when the writ in the present action was served on him, and there are other witnesses who testified to the same thing. It seems that the constable had taken the undertaking of Bender & Zimbleman and was preparing to turn the property over to them. The return on his writ had been written but not yet filed with the justice. The question as to whether the return of the officer could be varied or explained by such evidence was not presented to the trial court. The plaintiff objected to the oral examination of the witnesses on that point on the ground that the evidence was immaterial, but not on any other ground; and, as the plaintiff began this action against the officer, we think that it ought to be considered that the property was in the possession of the officer, not having yet been turned over to the plaintiffs in the prior action, and the question is, whether property in the possession of an officer under a prior writ of replevin can be replevied from him.

2. The instruction of the trial court appears to be predicated upon the proposition that even after the property has been turned over to the plaintiff in the first suit, the plaintiff having given the statutory bond for that purpose, the property can not be taken in another action in replevin by a stranger to the first suit; and it is insisted that this is not the law. However this may be, it is clear that one can not maintain an action of replevin for property while an action is pending in which the same property was replevied from him; nor can he recover by replevin property which is in the custody of the law. Our law requires the constable who takes personal property under a writ

of replevin to have it appraised, and, if the statutory bond is given, to deliver the property to the plaintiff. If the bond is not given the constable must return the property to the defendant. And certainly the law will not allow another person to prevent the constable from performing these duties by taking the property away from him. The constable being an officer of the law and holding the property under a statute which makes a definite disposition of it, there can, of course, be no other conclusion than that the property is in the custody of the law while so held. After the constable has disposed of the property as the law directs, whether it is returned to the defendant, or is delivered to the plaintiff upon his giving bond, a very different question is presented,—a question not involved in this case and not herein determined. It was therefore the duty of the trial court to instruct the jury to find a verdict for the defendant, and whether the court gave a wrong or a right reason for so instructing the jury, is immaterial.

It is therefore recommended that the judgment of the district court be affirmed.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

SULLIVAN, J., absent, not voting.